Filed 1/31/24  P. v. Collins CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ELLIS COLLINS,<br><br>    Defendant and Appellant. | A168313<br><br>(Alameda County<br>Super. Ct. Nos. 161265,<br>HC1612652) |

Defendant (and appellant) Michael Ellis Collins appeals from an order denying his petition seeking resentencing under Penal Code section 1170.91, subdivision (b).[1]  His appellate counsel filed a brief that identified no arguable issues and asked us to conduct an independent review of the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Collins personally filed a supplemental brief.  We have evaluated the arguments raised in Collins's brief and have exercised our discretion to independently review the record for arguable issues.  Finding no merit in Collins's arguments and no arguable issue, we affirm the order.

---

[1]  All statutory references hereafter are to the Penal Code.

1

In 2010, a jury found Collins guilty of first-degree murder (§§ 187, 189). It also found true sentencing enhancement allegations that he used a deadly weapon (§ 12022, subd. (b)(1)) and had a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Collins to an indeterminate term of 27 years to life in state prison, including a one-year term for the prior prison enhancement. On appeal in 2011, we reversed Collins's sentence for the prior prison enhancement but otherwise affirmed the judgment. (*People v. Collins* (Nov. 28, 2011, A128479) 2011 Cal.App.Unpub. Lexis 9037 [nonpub. opn.].)

A. 2019 Resentencing Petition

On July 22, 2019, Collins filed a petition for recall of his sentence and resentencing pursuant to section 1170.91, subdivision (b), seeking relief based on his alleged suffering from posttraumatic stress syndrome (PTSD), substance abuse, paranoid schizophrenia, and bipolar disorder as a result of his service in the United States military.[2] In February 2021, the trial court denied his petition, finding no legal basis for relief because he received an indeterminate rather than a determinate sentence. On appeal, Collins's counsel submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, finding no arguable issue. Collins did not file a supplemental brief and we dismissed the appeal, but we also observed that the trial court correctly

---

[2] Section 1170.91, subdivision (b)(1) authorizes "[a] person currently serving a sentence for a felony conviction, . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, [PTSD], substance abuse, or mental health problems as a result of the person's military service" to petition for the recall of his sentence and resentencing if the circumstance of, for example, suffering from PTSD was the result of the person's military service and "was not considered as a factor in mitigation at the time of sentencing." If the trial court decides that the defendant satisfies the statutory criteria, the court may reduce the defendant's term of imprisonment. (§ 1170.91, subd. (b)(3).)

denied Collins's petition because section 1170.91 applies only to determinate sentences and he has an indeterminate sentence. (*People v. Collins* (Sept. 29, 2021, A162366), 2021 Cal.App.Unpub. Lexis 6185, nonpub. opn., citing *People v. Estrada* (2020) 58 Cal.App.5th 839, 843 (*Estrada*) ["section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b)"].)

B. 2022 Petition

In September 2022, Collins filed a petition for a writ of habeas corpus in the trial court (Case No. HC1612652-2), again seeking the recall of his sentence and requesting resentencing pursuant to section 1170.91, subdivision (b). In his petition, Collins alleged that he suffers from PTSD as a result of his military service and the matter was not considered during trial.

In April 2023, the trial court deemed Collins's habeas petition a section 1170.91 petition for resentencing and denied it on several grounds, including that it was duplicative of claims raised in his earlier petition. In its written order, the court stated: "Petitioner's challenges are (1) barred as repetitive (*In re Miller* (1941) 17 Cal.2d 734, 735) of claims raised and rejected in Case No. 161265 and by the Court of Appeal in *People v. Collins* (29 Sept. 2021, A162366) [nonpub. opn.]; and (2) successive (*In re Clark* (1993) 5 Cal.4th 750, 767-768) to the extent his arguments could have been, but were not, raised in prior, previously denied habeas corpus petitions in Case Nos. 161265 and HC161265-1. [¶] In addition to being barred as repetitive, petitioner's renewed request for relief under section 1170.91 is denied for the same reasons as stated previously in the Order Denying Renewed Petition for Resentencing, filed on 27 January 2021 in Case No. 161265, and in *Collins, supra*, A162366. Finally, the petition lacks an adequate record. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)"

3

C.  Current Appeal

In June 2023, Collins timely appealed from the April 2023 order denying his resentencing petition.[3]  His appointed attorney filed an opening brief, representing that the attorney had thoroughly reviewed the record and found no arguable issue.  Counsel asked that we exercise our discretion to independently review the record to determine if it reveals any issues that would, if resolved favorably to Collins, result in a reversal or modification of the order.  (See *Delgadillo, supra,* 14 Cal.5th at p. 232.)

Pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231–232, this court sent Collins a copy of the opening brief and a notice informing him of the right to file a supplemental brief personally.

We received a handwritten "Supplemental Brief" from Collins.  In it, he states his belief that evidence of an earlier crime influenced the jury in this case, subjecting him to "double jeopardy."  He contends his trial attorney was ineffective for not bringing this to the trial court's attention.  He adds that he "was affected by either psychiatric medication or a microchip inserted in his . . . body which allows his thoughts or actions to be manipulated by an exterior source."  He asks that this court give him credit for time served, dismiss his sentence "as Temporary Insanity," and arrange for his immediate release without probation or parole.

## II.  DISCUSSION

Where counsel for appellant files a brief raising no issues in an appeal from the denial of postconviction relief, this court has discretion to independently review the record to determine whether it reveals any issues that would, if resolved favorably to the appellant, result in a reversal or

---

[3]  Collins also filed a petition for writ of habeas corpus in this court on June 2, 2023 (A167947).  We denied the petition on the ground that Collins's section 1170.91 petition was appealable and this appeal had been filed.

4

modification of the order being appealed. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) Where, as here, the appellant files a supplemental brief, this court must evaluate the specific arguments presented and issue a written opinion. (*Ibid.*)

Collins's supplemental brief, including his arguments summarized above, do not show that the trial court erred in denying his petition or, specifically, his resentencing request under section 1170.91, subdivision (b). Collins does not address the fact that he unsuccessfully raised the same issue in an earlier petition. Nor does he address his ineligibility for relief under section 1170.91 due to his indeterminate sentence. (*Estrada, supra*, 58 Cal.App.5th at p. 843.) In fact, he does not even mention section 1170.91.

We have exercised our discretion to review the record, and we find no issue that would result in a reversal or modification of the order that is the subject of this appeal.

## III.  DISPOSITION

The order is affirmed.

CHOU, J.


WE CONCUR:


JACKSON, P. J.


BURNS, J.


A168313

5